Andrew P. Reitman, WSB# 7-5946
Hall & Evans, LLC
1001 17th Street, Ste. 300
Denver, CO, 80202
Telephone: (303) 628-3300
Fax: (303) 628-3368
reitmana@hallevans.com

# In The United States District Court
## For The District of Wyoming

| | |
|---|---|
| FIRSTMARK CONSTRUCTION, LLC, a Montana Limited Liability Company, | |
| Plaintiff, | |
| vs. | |
| MOUNTAIN CONSTRUCTION COMPANY, a Wyoming Corporation, and EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa Corporation, | |
| Defendants. | |
| MOUNTAIN CONSTRUCTION COMPANY, A Wyoming Corporation, | |
| Counter-Claimant and Third-Party Plaintiff, | Civil No. 20-CV-97-F |
| vs. | |
| FIRSTMARK CONSTRUCTION, LLC, a Montana Limited Liability Company; and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, an Illinois Corporation, | |
| Counter-Defendant and Third-Party Defendant | |

## FIRSTMARK CONSTRUCTION, LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff FirstMark Construction, LLC ("FirstMark") by and through its counsel, HALL & EVANS, LLC, hereby submits the following unopposed Motion for Leave to File An Amended Complaint ("Plaintiff's Motion"). Plaintiff states as follows in support thereof:

### Certificate of Conferral

Undersigned counsel certify they conferred with counsel for Defendant regarding this motion on various dates, most recently via email on December 13, 2021. **Defendant does not oppose the relief requested herein.**

### Introduction

The case involves a contract dispute relating to a U.S. Department of Transportation, Federal Highway Administration, Central Federal Lands Highway Division ("FHWA") highway construction project located in Park County, Wyoming along the Southfork Road in the Shoshone National Forest (the "Project"). MCC was the general contractor and contracted with FirstMark to perform certain work on the Project.  MCC ultimately terminated FirstMark from the Project on or around March 19, 2020.

On June 5, 2020, FirstMark filed a five-count lawsuit against Mountain Construction Company ("MCC"), and MCC's payment bond surety, Employers Mutual Casualty Company ("EMC" and the "Complaint"). The Complaint generally alleges that MCC breached the terms of the Subcontract and further breached the implied duty of good faith and fair dealing. MCC and EMC denied the allegations when they answered the Complaint on July 1, 2020. MCC also filed counterclaims against FirstMark including contract and unjust enrichment claims, and filed claims against FirstMark's performance bond surety, Fidelity and Deposit Company of Maryland ("FDCM"). FirstMark filed its answer to MCC's counterclaims on July 22, 2020.

On June 7, 2021 Hall & Evans, LLC entered its appearance in this case replacing Holland & Hart LLP as counsel for FirstMark and FDCM.  On June 9, 2021 this Court granted FirstMark's and FDCM's Motion allowing Holland & Hart LLP to withdraw as counsel.

Plaintiff now seeks to amend its complaint to add a citation to the Miller Act (40 U.S.C. §3131, *et seq*) in Count Five of its Complaint and to add the United States as a nominal party, as required by 40 U.S.C.S. § 3133(b)(3)(A). The amendments are purely administrative. A copy of Plaintiff's proposed Amended Complaint in both redline and clean versions is attached hereto as **Exhibits <u>A</u>** and **<u>B</u>**, respectively.

## <u>LEGAL STANDARD</u>

Leave to amend shall be freely given when justice so requires, and the decision of granting leave to amend is within the discretion of the trial court. Fed. R. Civ. P. 15(a); <u>Castleglen, Inc. v. Resolution Trust Corp.</u>, 984 F.2d 1571, 1584-85 (10th Cir. 1993) (<u>citing</u> <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971)).  Federal Rule of Civil Procedure 15(c)(2) specifically allows a party to amend its pleading with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the Tenth Circuit has adopted a liberal standard when determining whether or not leave to amend a pleading should be given.  <u>Calderon v. Kan. Dep't of Soc. & Rehab. Servs.</u>, 181 F.3d 1180, 1185-86 (10th Cir. 1999)). The liberal policy of granting motions to amend reinforces the basic principal that pleadings should enable a claim to be heard on its merits. <u>Foman v. Davis</u>, 371 U.S. 178, 181-82, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

In the instant case, Plaintiff seeks to file an amended complaint to address purely administrative issues with its original complaint. Specifically, Plaintiff's Amended Complaint amends its Fifth Cause of Action, styled "Action on Payment Bond Against Defendants", to

include a citation to the Miller Act (40 U.S.C. §3131, *et seq*) and to include a specific citation to the payment bond Plaintiff is suing under "EMC's Payment Bond (No. S421677, dated April 15, 2019)" which identifies MCC as principal, EMC as surety, and the United States of America as oblige (the "Bond Claim"). The Amended Complaint also amends the caption to bring the Bond Claim in the name of the United States of America as required by 40 U.S.C.S. § 3133(b)(3)(A).

This type of amendment has been routinely allowed by Federal Courts and is considered administrative in nature.  For example, in <u>ACC Roofing, Inc. v. Dix & Sons Constr. Co.</u>, Civil Action No. 91-1242, 1991 U.S. Dist. LEXIS 15362, at *6 (E.D. Pa. Oct. 24, 1991), the Court allowed the subcontractor amended its complaint's bond claim to assert the Miller Act stating that:

> The allegations of the original complaint were adequate to notify defendants that they were being sued under the Miller Act. The substantive elements of a Miller Act claim were clearly alleged: plaintiff did the work, plaintiff was not paid in full, the work was done on a project of the Department of the Navy, and plaintiff was suing the general contractor for the amount due under the contract and the insurance companies on the bonds which they had issued. <u>See</u> <u>Carrion v. Randall & Blake</u>, 817 F.2d 1188, 1191 (5th Cir. 1987); <u>U.S. Fidelity and Deposit Co. of Md.</u>, 895 F.2d 546, 550 (9th Cir. 1990). The lack of reference to the Miller Act by name or citation does not, in and of itself, mean that the complaint does not assert a Miller Act claim. <u>Carrion</u>, 817 F.2d at 1191; <u>Blanchard v. Terry & Wright, Inc.</u>, 331 F.2d 467, 469 (6th Cir.), cert. denied, 379 U.S. 831 (1964). The failure to name the United States as plaintiff is, at most, a formal irregularity which does not affect jurisdiction. <u>Blanchard</u>, 331 F.2d at 469.

<u>Id.</u> at *6.  <u>See also</u> <u>United States use of Canion v. Randall & Blake</u>, 817 F.2d 1188, 1191-92 (5th Cir. 1987) ("Under the Miller Act, the United States is a nominal party; it is not entitled to notice of the suit, it need not appear with counsel, it bears no costs, and it cannot be held liable. The failure to bring the action in the name of the United States is a mere technical defect that does not affect jurisdiction and that may be corrected by a later amendment."); <u>Empire Enters. JKB v. Union City Contractors, Inc.</u>, 660 F. Supp. 2d 492, 494 n.1 (W.D.N.Y. 2009) (failure to bring a

Miller Act claim in the name of the United States is at most a formal irregularity which ought not to affect the Court's jurisdiction because the interest of the United States is merely nominal and the plaintiff is the real party in interest).

Defendants MCC and EMC have consented to Plaintiff's Motion and Plaintiff's Motion will not affect the trial scheduled for January 24, 2022.

## Conclusion

Pursuant to Fed. R. Civ. P. 15(a)(2) Plaintiff respectfully asks that this Court grant its unopposed Motion For Leave To File An Amended Complaint and to accept Plaintiff's Amended Complaint as the operative pleading in this matter.

December 13, 2021

*/s/Michael N. DiCanio*
Andrew P. Reitman, WSB #7-5946
Michael N. DiCanio, *Pro Hac Vice*
HALL & EVANS, LLC
1001 17th Street, Ste. 30
Denver, CO 80202
Telephone: (303) 628-3300
Fax: (303) 628-3368
reitmana@hallevans.com
dicaniom@hallevans.com

Attorneys for Plaintiff FirstMark
Construction, LLC and Third-Party Defendant
Fidelity and Deposit Company of Maryland

## CERTIFICATE OF SERVICE

I hereby certify on this 13th day of December 2021, the foregoing was served on all counsel of record.